```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION
```

IN RE:  THE COMPLAINT AND        §
PETITION OF AVONETTE LIMITED AND §
OCEANSTAR MANAGEMENT, INC., AS   §
OWNERS, MANAGING OWNERS PRO HAC  §
VICE AND/OR OPERATORS OF THE     §   CIVIL ACTION H-10-2808
M/V SAFEMARINE TEXAS, IN A       §   FRCP 9(h)-ADMIRALTY
CAUSE FOR EXONERATION FROM OR    §
LIMITATION OF LIABILITY          §

**OPINION AND ORDER**

Pending before the Court in the above referenced cause is Claimant Jose Alejandro Banegas' motion for leave to file first amended claim and answer (instrument #25.  Although the motion states it is opposed, no responses have been filed.

Federal Rule of Civil Procedure 15(a) provides in part,

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served.  Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

A court has discretion in deciding whether to grant leave to amend. *Foman v. Davis*, 371 U.S. 178, 181 (1962).  Since the language of the rule "'evinces a bias in favor of granting leave to amend," the court must find a "substantial reason" to deny such a request. *Ambulatory Infusion Therapy Specialists, Inc. v. Aetna Life Ins. Co.*, Civ. A. No. H-05-4389, 2006 WL 2521411, *3 (S.D. Tex. Aug. 29, 2006), *quoting Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir.

-1-

2004), and *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004). Factors for the court to consider in determining whether a substantial reason to deny a motion for leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). There is no evidence of these factors here.

Accordingly, the Court

ORDERS that Claimant's motion for leave to amend (#25) is GRANTED.

**SIGNED** at Houston, Texas, this  24th  day of  March , 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE